IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KENNETH WITHERS,** | 07-CV-147-BR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **MICHAEL J. ASTRUE,** Commissioner of Social Security, | |
| Defendant. | |

**RORY JOSEPH LINERUD**
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308
(503) 587-8776

       Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1158

1   -   OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JOANNE ELIZABETH DANTONIO**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2730

         Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Kenneth Withers seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Withers's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

   Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

   Withers filed applications for SSI and DIB on January 22,

2004.  Tr. 13, 87.[1]  The applications were denied initially and on reconsideration.  Tr. 63-67, 69-71.  An Administrative Law Judge (ALJ) held a hearing on June 6, 2006, at which Withers was represented by an attorney.  Tr. 23, 26.  Withers, lay witness John Van Swoll, and a vocational expert (VE) testified at the hearing.  Tr. 23-50.  The ALJ issued a decision on July 26, 2006, in which he found Withers is not disabled and, therefore, is not entitled to benefits.  Tr. 13-22.  The Appeals Council denied Withers's request for review.  Tr. 7-9.  The ALJ's decision, therefore, became the final decision of the Commissioner on November 28, 2006.

## BACKGROUND

Withers was 46 years old at the time of the hearing before the ALJ.  Tr. 44.  Withers is a high-school graduate, served four years in the Air Force, and subsequently worked as a food-processing laborer, production-finishing grinder, night maintenance worker, irrigation-ditch rider, social-service aide, and kitchen helper.  Tr. 41-44, 100, 105, 108-14, 200.  Withers has not worked since November 2000 and alleges an onset date of December 7, 2000.  Tr. 41.

In 1975 Withers injured his left knee and lower leg in a

---

[1] Citations to the official transcript of record filed by the Commissioner on November 21, 2007, are referred to as "Tr."

3   -   OPINION AND ORDER

motorcycle accident while serving in the Air Force. Tr. 205, 209, 212. Withers also suffered on-the-job injuries to his lower back and neck in 1996 and 2000 respectively. Tr. 200, 204, 212, 329. In November 2000, Withers quit his job as a food-processing laborer due to pain in his neck and back. Tr. 210.

Withers has been diagnosed with degenerative disc disease and degenerative joint disease of the cervical and lumbar spine. Tr. 235, 245-60, 303, 330, 335. MRIs reveal Withers has a herniated disc at C5-6 with some nerve-root impingement at C6, which results in radiating pain and numbness in his left arm and hand. Tr. 195-96, 204-07, 335.

Withers also has been diagnosed with depression and dysthymia; anxiety disorder; bipolar disorder; and personality disorder with schizoid, antisocial, and borderline features. Tr. 206-07, 214, 222, 226, 285, 315-320.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."

4   -   OPINION AND ORDER

42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

5   -   OPINION AND ORDER

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for the

6   -   OPINION AND ORDER

listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine

7 - OPINION AND ORDER

whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Withers has not engaged in substantial gainful activity since his alleged onset date of December 7, 2000. Tr. 15.

At Step Two, the ALJ found Withers's "degenerative disc disease of the cervical spine with disc herniation at C5-6, lumbar spine pain/strain versus degenerative joint disease, residuals of left knee trauma, dysthymia, an affective disorder, a mixed personality disorder and a history of polysubstance abuse in current remission" are severe impairments. Tr. 15. The ALJ found Withers's gastroesophogeal reflux disease and rib pain resulting from a rib fracture are not severe. Tr. 16.

8   -   OPINION AND ORDER

At Step Three, the ALJ found Withers's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ then assessed Withers's RFC and found he is able to lift and to carry 20 pounds occasionally and 10 pounds frequently with similar pushing and pulling limitations; to stand or to walk for six hours of an eight-hour work day; to sit for about six hours of an eight-hour work day; to kneel, stoop, crouch, crawl, and balance occasionally; and to climb stairs, ramps, ropes, scaffolds, and ladders occasionally. Tr. 17. He found Withers is unable to perform activities that involve frequent overhead work. Tr. 17. The ALJ also found Withers is capable of understanding, remembering, and carrying out simple routine tasks. Tr. 17. The ALJ concluded Withers would have difficulty interacting with the public, but he could interact appropriately with supervisors and co-workers. Tr. 17. The ALJ also concluded Withers would perform best if his work did not require close cooperation with others. Tr. 17.

At Step Four, the ALJ found Withers cannot perform any of his past relevant work. Tr. 21.

At Step Five, the ALJ found Withers could perform jobs that exist in significant numbers in the national economy such as labeler, packing line worker, and bottle packer. Tr. 22. Accordingly, the ALJ found Withers is not disabled and,

therefore, is not entitled to benefits.  Tr. 22.

## DISCUSSION

Withers contends the ALJ erred by improperly formulating Withers's RFC as to his physical and mental limitations, which, in turn, resulted in the ALJ posing an incomplete hypothetical to the VE.

### I.   Withers's RFC.

A claimant's RFC represents the "most that an individual can do despite his or her limitations or restrictions" resulting from medically determinable impairments.  SSR 96-8p at *4.  *See also* 20 C.F.R. §§ 404.1525, 416.945.  "The RFC must be based on *all* the relevant evidence in the case record" including medical history, "medical signs" and laboratory findings, lay evidence, recorded observations, medical-source statements, and the effects of the claimant's symptoms.  SSR 96-8p at *5.  To determine a claimant's exertional and nonexertional capacity, the ALJ must give "careful consideration" to "any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by objective medical evidence alone."  SSR 96-8p at *5-*6.  Among the relevant considerations for determining a claimant's nonexertional capacity, the ALJ must assess the claimant's ability to "respond appropriately to supervision, co-workers, and work situations;

10  -   OPINION AND ORDER

and deal with changes in a routine work setting."  SSR 96-8p at *6.  *See also* 20 C.F.R. §§ 404.1525(c), 416.945(c)).

The ALJ's assessment of the evidence in the record must include:  (1) a thorough discussion and analysis of the objective medical and other evidence, (2) resolution of inconsistencies in the evidence, and (3) logical explanation of the effects of symptoms on the individual's ability to work.  SSR 96-8p at *7.

### A.    ALJ's Opinion.

As noted, the ALJ found Withers's RFC is sufficient to perform jobs that exist in significant numbers in the national economy, and, therefore, Withers is not disabled and not entitled to benefits.  In particular, the ALJ found Withers's exertional limitations include an inability to perform jobs that require "frequent overhead work."  Tr. 17.  The ALJ also found Withers's nonexertional limitations include the inability to perform jobs that require frequent contact with the general public even though Withers can interact appropriately with co-workers and supervisors.  Tr. 17.

### B.    Analysis.

Withers contends the ALJ erred when he assessed Withers's RFC by excluding his inability to perform overhead work as a result of his neck impairments.  Withers also contends the ALJ erroneously assessed Withers's RFC with regard to his nonexertional limitations in light of the opinion of examining

11  -  OPINION AND ORDER

psychologist Robert Henry, Ph.D.

### 1. **Withers's Exertional Limitations.**

Withers contends the medical evidence and lay testimony establish that he cannot perform work at eye level or above and that the ALJ erred in his assessment of Withers's RFC when the ALJ found Withers capable of such work if he was not required to do so frequently.

Withers contends Linda Jensen, a Disability Determination Services (D.D.S.)[2] physician, concluded Withers cannot work over his head. Tr.19-20. Dr. Jansen, however, indicates in her report that Withers is limited to "no frequent work overhead," which is consistent with the ALJ's finding. Tr. 333. Martin Kehrli, M.D., another D.D.S. physician, however, contradicted Dr. Jansen's opinion and indicated Withers can perform "*no* work with arms above shoulder level due to herniated cervical disc." Tr. 305 (emphasis added).[3]

In his discussion of the opinions of these two physicians, the ALJ found both to be generally consistent with the medical evidence in the record. The ALJ, however, assigned

---

[2] Disability Determination Services is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a).

[3] As Defendant notes in his Response, it appears Withers's counsel confused the two physicians in his argument to the Court.

12 - OPINION AND ORDER

greater weight to Dr. Kehrli's assessment of Withers's standing and walking limitations without resolving the discrepancy between the two opinions and without providing any reason for choosing Dr. Jansen's opinion over that of Dr. Kerhli.  Tr. 19-20.  As noted, the ALJ is required to resolve inconsistencies in the medical evidence relevant to a claimant's functional limitations. *See* SSR 96-8p at *7.

Withers also contends the ALJ ignored the opinion of Joseph H. Diehl, Ph.D., one of Withers's examining physicians. Withers maintains Dr. Diehl's opinion establishes Withers cannot perform work above eye level.  Dr. Diehl, however, only indicates Withers "may have difficulty with work activities that require working at eye level or above on a continuous basis.  He may have difficulties with work activities that require adequate strength in the left arm and hand."  Tr. 207.

The medical records of Drs. Jansen, Kehrli, and Diehl reflect three different exertional limitations:  no frequent work overhead, no work above shoulder level, and no sustained work above eye level respectively.  Although the ALJ accepted Withers's limitations as stated by Dr. Jansen, the ALJ did not explain his resolution of these relatively inconsistent medical opinions as required under SSR 96-8p.  Moreover, the ALJ did not discuss Dr. Diehl's opinion that Withers "may have difficulties with work activities that require adequate strength in the left

13 -   OPINION AND ORDER

arm and hand." Tr. 207.  If Withers cannot perform any work above his shoulders or is limited in the use of his left arm and hand, those facts might support a finding of disability.  *See* SSR 96-8p at *4 (An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'").

The Court, therefore, concludes the ALJ erred when he did not resolve the differing opinions of Drs. Jansen, Kehrli, and Diehl or provide reasons pursuant to SSR 96-8p for accepting Dr. Jansen's opinion as to Withers's exertional limitations resulting from his medically determinable cervical impairments.[4]

### 2. Withers's Nonexertional Limitations.

Withers also contends the medical evidence and lay testimony establish that he cannot work in coordination with or in proximity to others, accept instructions, respond appropriately to criticism, or appropriately interact with co-workers and supervisors.  Specifically, Withers contends when the ALJ assessed Withers's RFC, he did not include the nonexertional

---

[4] Withers also contends his testimony corroborates the functional limitations that result from his cervical spine impairments and that are described by his physicians.  The ALJ, however, discredited Withers's testimony as to the "intensity, persistence and limiting effects of [his] symptoms."  Tr. 18.  Although Withers restates his testimony in his brief to support his position as to his alleged functional limitations, he does not challenge the ALJ's finding that his testimony is not credible.  Thus, the Court does not consider that testimony in its review of the sufficiency of the ALJ's assessment of Withers's RFC.

limitations contained in the report of D.D.S. physician Robert Henry, Ph.D. Dr. Henry concluded Withers "can understand, remember, and carry out short, 1-3 step instructions and can sustain adequate [concentration and pace] to complete [a] normal workday [and] workweek" despite the moderate limitations of Withers's attention, concentration, ability to accept instruction and criticism, and ability to get along with coworkers and supervisors. Tr. 283. Dr. Henry also concluded Withers "can respond to constructive criticism from supervisors [and] is able to relate appropriately to coworkers" even though Withers should not have more than occasional contact with the general public. Tr. 283. Contrary to Withers's contention, the ALJ incorporated Dr. Henry's ultimate conclusions almost verbatim in his assessment of Withers's RFC. Tr. 17.

In summary, the Court concludes on this record that the ALJ's assessment of Withers's RFC as it relates to Withers's nonexertional limitations is supported by substantial evidence in the record and that the ALJ properly included Withers's nonexertional limitations as set out by Dr. Henry. The ALJ, however, erred in his assessment of Withers's RFC as it relates to Withers's exertional limitations when he failed to resolve the differing medical opinions as to the physical limitations that result from Withers's cervical impairments or provide reasons for accepting Dr. Jansen's opinion over those for Drs. Kehrli and

15  -   OPINION AND ORDER

Diehl.

## **REMAND**

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).

The decision generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

16  -  OPINION AND ORDER

Here the Court finds the record is incomplete regarding Withers's exertional limitations that result from severe impairments of his cervical spine. The ALJ did not resolve the differing opinions of Drs. Jansen, Kehrli, and Diehl regarding the physical limitations resulting from Withers's medically determinable cervical impairments nor did he explain his reasons for accepting Dr. Jansen's opinion over those of Drs. Kehrli and Diehl.

Moreover, the VE's testimony regarding whether Withers would be able to perform jobs that exist in significant numbers in the national economy in light of his limitation of the use of his arms above his shoulders, eyes, or head was unclear. At the hearing, Withers's counsel questioned the VE as to whether a claimant who could not do "any work at eye level or above" would be able to perform the jobs that she identified such as labeler, bottle packer, and packing line worker. Tr. 46. The opinion of the VE in his response to counsel's hypothetical is difficult to discern. Tr. 46-50. Withers's counsel, the VE, and the ALJ express confusion over the precise functional limitation that Withers's counsel described and alternatively address it as a limit on the ability to move the eyes, the head, the arms, and the upper torso. Tr. 47-49. On remand, the ALJ should determine the extent of the exertional limitations that result from the impairments of Withers's cervical spine and elicit additional VE

17 -   OPINION AND ORDER

testimony as to the vocational impacts of such a limitation.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

With respect to future proceedings in this matter after remand, the Court notes § 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs. *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008). *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006)*.* To ensure that any future application for attorneys' fees under § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows: If

18 - OPINION AND ORDER

the Commissioner finds Plaintiff is disabled on remand and awards Plaintiff past-due benefits and if, as a result, Plaintiff intends to submit such application for attorneys' fees under § 406(b), Plaintiff shall submit any such application within 60 days from the issuance of the Notice of Award by the Commissioner.

    IT IS SO ORDERED.

    DATED this 6th day of August, 2008.

    /s/ Anna J. Brown
    _____
    ANNA J. BROWN
    United States District Judge